IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01503-REB-PAC

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,

    Defendant.

## ORDER RE: DEFENDANT'S MOTION TO DISMISS
## OR FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is defendant's **Motion to Dismiss or For Summary Judgment** [#29], filed December 19, 2006. I grant the motion in part and deny it in part.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

As explained more fully below, I construe defendant's motion as a motion to dismiss under Rule 12(b). When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded

1

allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); see also **Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that it can prove no set of facts entitling it to relief. See **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

In connection with their motion, defendants cite to and rely on various provisions of the parties' Purchase and Sale Agreement. Consideration of this document, which is referenced in detail in the complaint itself and central to plaintiff's claims, does not transform the motion into one for summary judgment. See **GFF Corp. v. Associated Wholesale Grocers, Inc.**, 130 F.3d 1381, 1384-85 (10th Cir. 1997)

### III. ANALYSIS

In response to defendant's motion, plaintiffs assert that they consider their claims under the Truth in Lending Act and § 5-5-202, C.R.S., moribund in light of their settlement with other defendants that have now been dismissed from this lawsuit. They concede also that Todd Perkins's claim against defendant under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 & 2607, is barred by the one-year statute of limitations. Thus, the only claim implicated by the present motion is

Terry and Teresa Perkins's claim against defendant under RESPA.[1] Because defendant's motion with respect to this claim alleges that plaintiffs have failed to state a viable claim, I construe the motion as arising under Rule 12(b).

This lawsuit concerns two loans plaintiffs obtained in order to refinance two pre-existing home loans. Plaintiffs claim that the loans they received had substantially different terms than represented by defendant. Specifically, plaintiffs allege that despite their explicit request that they did not want negative amortizing loans, the loans they received were negative amortizing loans. Plaintiffs allege further that in connection with the loans, defendant received yield spread premiums ("YSP") from Countrywide which were illegal under RESPA. *See* 12 U.S.C. § 2607.

Defendant counters that because RESPA does not necessarily prohibit YSPs, plaintiffs' claim must be dismissed. This is correct *pro tanto*, but incomplete. It is true that YSPs are not *per se* illegal under RESPA. **See Bjustrom v. Trust One Mortgage Corp.**, 322 F.3d 1201, 1206 (9th Cir. 2003) (citing *RESPA Statement of Policy 2001-1: Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees Under Section 8(b)*, 66 Fed.Reg. 53051, 53052 (Department of Housing and Urban Development [HUD] Oct. 18, 2001) ["2001 SOP"]). However, this does not mean that they are *per se* valid either. Rather, the Department of Housing and Urban Development, which enforces RESPA, directs that each case in which a YSP is paid must be evaluated on its own facts and context. 2001 SOP, 66 Fed.Reg. at 53054; **see also Hirsch v. BankAmerica Corp.**, 328 F.3d 1306, 1308 (11th Cir. 2003). The determination whether the YSP in any particular case

---

[1] Plaintiffs also have asserted claims against defendant under the Colorado Consumer Protection Act as well as a claim of fraud under Colorado state law. Defendant does not address these claims in his motion.

violates RESPA is guided by a two-part test in which the court considers "(1) whether goods or facilities were actually furnished or services were actually performed for the compensation paid and (2) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." ***Bjustrom***, 322 F.3d at 1207 (quoting *RESPA Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers*, 64 Fed.Reg. 10080, 10084 (HUD March 1, 1999)) (internal quotation marks omitted).

The allegations of the complaint track the language of this two-part test almost verbatim.  (*See* Complaint at 3, ¶ 12 [#2], filed August 2, 2006 ("In the case of each loan, no goods or services were actually performed or facilities actually provided for the yield spread premium that was paid, nor was the yield spread premium reasonably related to the goods, facilities or services actually provided.").)  I, therefore, cannot find that plaintiffs' complaint fails to state a claim on which relief can be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion To Dismiss or For Summary Judgment** [#29], filed December 19, 2006, is **GRANTED IN PART** and **DENIED IN PART**:

   a. That the motion is **GRANTED** with respect to plaintiffs' RESPA claim insofar as it implicates the loan made to Todd Perkins, and that claim is **DISMISSED WITH PREJUDICE**; and

   b. That the motion is **DENIED** otherwise.

Dated February 14, 2007, at Denver, Colorado.

                                          **BY THE COURT:**

                                          <u>s/ Robert E. Blackburn</u>
                                          **Robert E. Blackburn**
                                          **United States District Judge**