## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 06-cv-01503-REB-PAC

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,

    Defendant.

## ORDER

**Blackburn, J.**

The matters before me are (1) the **Joint Motion For Order Approving Contribution Bar** [#20], filed November 8, 2006; (2) **Plaintiffs' Motion to Remand** [#26], filed December 14, 2006; and (3) defendants Countrywide Home Loans, Inc., and Countrywide Bank's **Motion To Dismiss or For Summary Judgment** [#10], filed August 30, 2006. I deny all three motions.

As originally filed, this lawsuit included claims against Countrywide Home Loans, Inc., and Countrywide Bank, a division of Treasury Bank, N.A. (collectively, "Countrywide"). On November 8, 2006, plaintiffs and Countrywide filed a stipulation of dismissal following settlement of the claims between the parties. (Stipulation to Dismiss Defendants Countrywide Home Loans, Inc. and Countrywide Bank, a division of Treasury Bank, N.A. [#19], filed November 8, 2006.) An order of dismissal was entered that same day. (*See* Order of Dismissal as to Defendants Countrywide Home Loans,

Inc., and Countrywide Bank, a division of Treasury Bank, N.A. [#21], filed November 18, 2006.) This settlement and disposition moots Countrywide's motion to dismiss or for summary judgment.

The parties represent that as part of the settlement, "Plaintiffs have agreed with Countrywide that Countrywide shall be entitled to a contribution bar, that is, an order barring any and all claims for contribution against Countrywide by the non-settling defendants in this action, Jerry Johnson and/or Mile High Mortgage, LLC, or by any defendants who may be added at a later time." (Joint Motion for Order Approving Contribution Bar at 2, ¶ 2 [#20], filed November 8, 2006.) Contribution bars between settling and non-settling defendants in the same case are sometimes permitted, although usually only in complex class action litigation. **See FDIC v. Gelderman, Inc**, 975 F.2d 695, 698 (10th Cir. 1992). Even then, "[a] settlement bar should not be approved unless it is narrowly tailored and preceded by a judicial determination that the settlement has been entered into in good faith and that no one has been set apart for unfair treatment." **In re Masters Mates & Pilots Pension Plan and IRAP Litigation**, 957 F.2d 1020, 1031 (2nd Cir. 1992). The parties here present nothing by which I might make this necessary determination. Moreover, fundamental principles of due process preclude me from giving effect to that portion of the parties' agreement affecting the rights of "any defendants who may be added at a later time." **See Gelderman, Inc.**, 975 F.2d at 698; **Alvarado Partners, L.P. v. Mehta**, 723 F.Supp. 540, 554 (D. Colo. 1989), **appeal dismissed**, 936 F.2d 582, 583 (10th Cir. 1991). The motion, therefore, must be denied.

Plaintiffs' motion to remand is premised on the notion that there is no longer any federal claim to support jurisdiction in this court. However, plaintiffs have filed a claim

under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 & 2607, against their broker, defendant Jerry Johnson. Although at the time the motion to remand was filed, Johnson had not yet answered or appeared in the action, he has since filed a motion to dismiss that claim. I have denied that motion in relevant part. (*See* Order Re: Defendant's Motion to Dismiss or For Summary Judgment [#37], filed February 14, 2007.) The continued viability of plaintiffs' federal RESPA claim against Johnson undercuts the premise of their motion to remand.

**THEREFORE, IT IS ORDERED** as follows:

1. That Countrywide's **Motion To Dismiss or For Summary Judgment** [#10], filed August 30, 2006, is **DENIED AS MOOT**;

2. That plaintiffs' and Countrywide's **Joint Motion For Order Approving Contribution Bar** [#20], filed November 8, 2006, is **DENIED**; and

3. That **Plaintiffs' Motion To Remand** [#26], filed December 14, 2006, is **DENIED**.

Dated February 15, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

3