IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01503-REB-PAC

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,
LEONID SHIFRIN, individually and d/b/a Jupiter Lending, and
MATTHEW GREEN, individually and d/b/a Jupiter Lending,

    Defendants.

---

ORDER RE: PLAINTIFFS' MOTION FOR RELIEF UNDER FED.R.CIV.P. 56(f)

---

O. Edward Schlatter, United States Magistrate Judge

Plaintiffs claim that defendants violated that anti-kickback provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2607(a) and §2607(b), the Colorado Consumer Protection Act, at COLO. REV.STAT. §38-40-105, and committed common law fraud.  On August 3, 2007, the action was referred to former United States Magistrate Judge Patricia A. Coan to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions.  I temporarily assumed Judge Coan's caseload upon her retirement.  The matter before the court at this time is Plaintiffs' Motion for Relief Under Fed.R.Civ.Pro. 56(f) [Doc. #59; filed May 25, 2007].

Plaintiffs filed an Amended Complaint on April 16, 2007, adding Leonid Shifrin and

Matthew Green as defendants.[1]   Defendant Shifrin a Motion to Dismiss or for Summary Judgment Amended on May 22, 2007.   Plaintiffs argue that they need to conduct additional discovery in order to respond to defendant's motion because Shifrin relies on facts outside the pleadings in support of his arguments for dismissal.  Plaintiffs request a continuance so that they can depose Leonid Shifrin, Matthew Green and Jennifer Fry.

"[T]he Supreme Court has held that, under Fed.R.Civ.P. 56(f),[2] 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.' " *Dreiling v. Peugeot Motors of Am., Inc.*, 850 F.2d 1373, 1376 (10th Cir.1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, . . . (1986)) " "[T]his protection [however,] arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion," *id.*, and stating "with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir.1992).

Although plaintiffs technically did not comply with the requirements of Fed.R.Civ.P. 56(f), in that they set forth their arguments for a continuance in a memorandum from counsel, instead of in an affidavit, the plaintiffs did state the specific evidence they hoped

---

[1] Three of the original defendants Mile High Mortgage Process, LLC, Countrywide Home Loans, Inc., and Countrywide Bank, a Division of Treasury Bank, N.A. were dismissed from this action on November 8, 2006 and December 15, 2006.  *See* Doc. ## 21 and 28.

[2] Fed.R.Civ.P. 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit specific facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

to obtain if more time was allowed to complete the requested depositions, and attached a supporting affidavit and other documentation.

Moreover, plaintiffs have not had an adequate opportunity to conduct discovery against the new defendants, Leonid Shifrin and Matthew Green.[3]   Accordingly, it is

**HEREBY ORDERED** that Plaintiff's Motion for Relief Under Fed.R.Civ.P. 56(f) [Doc. #59; filed May 25, 2007] is **GRANTED** as follows:

Plaintiffs may depose Leonid Shifrin and Jennifer Fry **on or before August 20, 2007**. Plaintiffs will advise the court about the status of service on defendant Matthew Green and a proposed deposition date **on or before August 20, 2007**. It is

**FURTHER ORDERED** that plaintiffs shall respond to defendant Shifrin's Motion to Dismiss or for Summary Judgment Amended [Doc. #57; filed May 22, 2007] on or before **September 10, 2007**. It is

**FURTHER ORDERED** that the Final Pretrial Conference set for September 6, 2007 is *vacated and reset* **to November 1, 2007 at 9:00 a.m.** The Final Pretrial Order is due five days in advance. Please contact chambers at (303) 844-4892 for instructions on submission.

Dated June 19, 2007.

                                                 BY THE COURT:

                                                 O. Edward Schlatter
                                                 O. EDWARD SCHLATTER
                                                 United States Magistrate Judge

---

[3] I note that Matthew Green has not yet been served. Defendant Shifrin first appeared in this action on May 17, 2007 when he filed a Motion to Dismiss. The discovery deadline was June 1, 2007. *See* Scheduling Order, at 3 [Doc. #36].