IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01503-REB-KLM

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

      Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,
LEONID SHIFRIN, individually and d/b/a Jupiter Lending, and
MATTHEW GREEN, individually and d/b/a Jupiter Lending,

      Defendants.

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant Leonid Shifrin's Motion for Protective Order for Subpoena to Holland & Hart, Bank of the West and Denver Metro Title and Deposition of Denver Metro Title and Bank of the West [Docket No. 71, Filed August 20, 2007] ("the Motion").  The Motion contains no Certificate of Service on Plaintiffs or their counsel, in violation of Fed. R. Civ. P. 5(a) and D.C.Colo.LCivR 5.1F.  Not surprisingly, Plaintiffs have not responded to the Motion.

      Defendant Shifrin asserts that Plaintiffs have exceeded the scope of permissible discovery by "submit[ting] a 3rd subpoena to Bank of the West and are also seeking to depose another party not on their original motion for relief."  Mr. Shifrin further asserts that "Plaintiffs also seek to get privileged documents from this defendant's prior attorneys' [sic] firm Holland & Hart from an unrelated matter . . ." and that Plaintiffs "seek to depose Denver Metro Title" without clearing the dates for depositions "with ANY defendant." [Docket No. 71, at ¶¶ 2-5].

      The Court treats Defendant Shifrin's complaints about the alleged subpoenas to third parties as a Motion to Quash, pursuant to Fed. R. Civ. P. 45(c).  The Court notes that Defendant Shifrin has failed to provide copies of the alleged subpoenas to the Court, failed

to aver whether the entities subject to the alleged subpoenas have served objections to them pursuant to Fed. R. Civ. P. 45(c)(2)(B), and failed to provide sufficient basis for determining whether any of the grounds for quashing the alleged subpoenas, as set forth in Fed. R. Civ. P. 45(c)(3)(A), have been met.

The Court treats Defendant Shifrin's complaints about alleged additional depositions as a Motion for Protective Order, pursuant to Fed. R. Civ. P. 26 (c).  The Court notes that Defendant has failed to comply with the Rule by failing to provide "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Moreover, the Court notes that Defendant Shifrin has failed to comply with D.C.Colo.LCivR 7.1, which also requires that he certify that before filing the Motion, he made a good faith effort to confer with the opposing parties or their counsel.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED. Defendant Shifrin is admonished to adhere to the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado when filing future motions with the Court.  Failure to do so will result in summary denial of such motions.**

Dated:  September 28, 2007