IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01503-REB-KLM

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,
LEONID SHIFRIN, individually and d/b/a Jupiter Lending, and
MATTHEW GREEN, individually and d/b/a Jupiter Lending,

    Defendants.

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Leonid Shifrin's Motion to Reconsider Ruling on Motion for Protective Order (Quash) for Subpoena to Holland & Hart, Bank of the West and Denver Metro Title and Deposition of Denver Metro Title and Bank of the West [Docket No. 88, Filed October 15, 2007] ("the Motion"). The Court denied Defendant Shifrin's first motion [Docket No. 71] by Order dated September 28, 2007 [Docket No. 83] for several procedural and substantive failures of Defendant.  Defendant Shifrin attempts to cure those failures and seeks reconsideration of his first motion.

    The Court treats Defendant Shifrin's complaints about the alleged subpoenas to third parties as a Motion to Quash, pursuant to Fed. R. Civ. P. 45(c).  Although Defendant Shifrin has now provided copies of the subpoenas to the Court, he has failed to aver whether the entities subject to the alleged subpoenas have served written objections to them pursuant to Fed. R. Civ. P. 45(c)(2)(B), and failed to provide sufficient basis for determining whether any of the grounds for quashing the alleged subpoenas, as set forth in Fed. R. Civ. P. 45(c)(3)(A), have been met.  A mere allegation that the subpoenas seek privileged material is not sufficient. Moreover, Plaintiffs have indicated that the subpoenas at issue "were never served."  Plaintiffs' Response to Defendant Leonid Shifrin's Motion for Reconsideration at 1 [Docket No. 90, Filed October 16, 2007].

The Court treats Defendant Shifrin's complaints about alleged additional depositions as a Motion for Protective Order, pursuant to Fed. R. Civ. P. 26( c). Defendant Shifrin has failed to allege good cause for why a protective order should be entered.

The Court directs Defendant Shifrin to comply with D. C. Colo. L. Civ. R. 7.1.A, which requires that he certify that before filing the Motion, he made a good faith effort to confer with the opposing parties or their counsel by clearly setting forth a certification regarding his efforts to confer with opposing counsel **at the beginning** of each motion he files with the Court from this date forward.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED.**

Dated: October 26, 2007