FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2007 OCT 31 PM 12:48

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>2006-CV-01503-REB-PAC</u>

TERRY L. PERKINS, TERESA A. PERKINS, TODD PERKINS

Plaintiffs,

VS

JERRY JOHNSON, LEONID SHIFRIN, MATT GREEN

Defendants.

VS

Jennifer M. Fry, Mile High Mortgage Process LTD

---

### MOTION TO STRIKE FRY'S ANSWER

---

**Defendant, Leonid Shifrin, pro se, set forth his motion as follows:**

Cross-Claimant Leonid ("Leo") Shifrin respectfully requests that the Court strike Fry's answer as it is untimely contains hearsay and untrue statements.

1. The original Cross-Claim and Complaint in this case was filed on **August 27th, 2007**.

2. Co-Defendants Jennifer M. Fry (FRY) and Mile High Mortgage Process LTD. (MHMP) were duly served with in the State of Colorado with a true and correct copy of the Summons Cross-Claim and Complaint on **September 16th, 2007**, as indicated by the return of service by Ms. Yankovich, who is not a party or witness in the case and is over the age of 18. (See affidavit). Thus Defendant Leo Shifrin has complied with F.R.C.P. 4(c).

1

3. Service upon individuals within a judicial district of the United States may be effected by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. F.R.C.P. 4(e)(2).

4. In this case this defendant Shifrin and Yankovich drove to Fry's home together and waited within sight of the house and observed Ms. Fry from the car across the street. This defendant identified Ms. Fry on her property; as she is personally know to him. Yankovich then called Fry's Home from her cell phone and the phone was answered by Fry's non-minor son John Fry. Yankovich proceeded to Fry's door while Shifrin remained in the car. The door was answered by Fry's daughter. The daughter said her mom was home but was not coming to the door. The daughter asked her mom several times to come to the door and said someone was here for her. Yankovich then heard an adult female voice say "I'm not home" Yankovich then observed and adult female resembling Fry sitting on the couch in the corner of the house (See affidavit). Yankovich left the summons and complaint at Fry's home.

5. It is clear that Fry was home and was avoiding service. Likewise, Plaintiffs has also stated in several motions Fry was avoiding their service. Pursuant to F.R.C.P. 4 Fry has a duty to save costs for service, she in fact while knowing about this action was avoiding service and using her children to do so.

6. As demonstrated above Shifrin complied with the service provisions of F.R.C.P. 4. Fry was home, her usual place of abode, when service was affected. Fry while knowing that service was being attempted refused to come to the door and receive the summons and complaint. Fry's daughter although admittedly not over the age of 18, is 13 years old, the daughter knew that Fry was home, that some was there to see her, and that someone needed to deliver documents to Fry, thus the daughter is someone of suitable age as provided in F.R.C.P. 4. Further more, Fry was home and was positively identified, and in fact saw that someone was trying to serve her, thus even though the summons was not "handed" to her it was effectively personally delivered to her by Yankovich.

7. Further, assuming that Fry's assertion in her answer that she found the papers only a couple of days after September 16th, 2007 is true a proper course of action should have been to file a special appearance motion for lack of jurisdiction on the grounds of improper service. Fry however answered the complaint, thereby admitting jurisdiction of this Court, some 35 days late and after this defendant's motion for default was granted.

8. Neither Fry nor council has responded on behalf of Mile High Mortgage Process LTD.

9. Fry provided no affidavits or other credible evidence that she was not home or that service on her was not in compliance with F.R.C.P 4.

10. Fry's states that Yankovich called her cell phone and hung up. Ms Yankovich initiated her cell service with AT&T in June of 2007 thus her cell number was not known to Fry. The only way she could have known that it was Yankovich calling was home caller ID as cell phones do not show caller's names.

11. Fry states that she was not home at the time of service but in her answer says that "my daughter answered the door. It was Qilly Yankovich" Neither Fry nor the daughter have ever met Yankovich. (See Affidavit). Thus all the evidence shows that Fry was home and was avoiding service.

12 Fry has not presented any evidence showing good cause as to why default should be set aside as required by F.R.C.P 55, or 60. She has in fact admitted service and filed her answer after default was entered against her.

### Conclusion

Fry's answer should be stricken by the court as it is untimely, contains hearsay and untrue statements and is irrelevant as this court has already granted Shifrin default judgment against Fry and Mile High Mortgage Process LTD. Fry should further be sanctioned by the court for giving false statements on official court documents.

Respectfully submitted this 31st day of October 2007

_____
Leonid Shifrin
Pro se

3

## Certificate of Service

The undersigned herby certifies that on October 31st, 2007 a true and correct copy of the foregoing was deposited into the US Mail, Postage paid, addressed to:

Jerry Johnson                                      Jennifer M. Fry

11551 E Arapahoe Rd #110              14337 4th Pl.

Centennial CO 80112                          Golden, CO 80401


John Head

730 17th St.

Denver CO 80202-3580

/s/, Leo Shfr Defndnt

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>2006-CV-01503-REB-PAC</u>

TERRY L. PERKINS, TERESA A. PERKINS, TODD PERKINS

Plaintiffs,

VS

JERRY JOHNSON, LEONID SHIFRIN, MATT GREEN

Defendants.

VS

Jennifer M. Fry, Mile High Mortgage Process LTD

---

**Affidavit Qilly Yankovich**

---

1. I, Qilly Yankovich am over the age of 18 and am not a party or witness in this case.

2. I was the process server for Jennifer Fry on September 16th 2007.

3. I knocked on the door of Fry's House on September 16th 2007

4. The Door was answered by a young female.

5. I asked her if Jennifer Fry was home.

6. She replied yes and yelled "mom someone is here for you"

1

7. Jennifer Fry did not come to the door.

8. The young female did not close the door and as I continued to stand right outside she yelled "mom who is this person at the door she won't leave"

9. I heard an adult female voice say "I'm not home"

10. I followed the voice and then observed an adult female sitting on a couch up stairs from the landing.

11. The person on the couch looked like Jennifer Fry as pointed out to me by Leo Shifrin earlier.

12. I also, called Jennifer Fry's home number given to me by Leo Shifrin

13. A male answered the phone.

14. I have never met any of the Frys before September 16th 2007

15. I have never given out my cell number to the Frys

16. I left the summons and complaint at Fry's house in Golden Colorado on September 16th, 2007

17. Both Fry and her daughter saw me leave the summons and complaint at the house.

Qilly Yankovich

Sworn to before me and subscribed in my presence this 31st day of October, 2007.

Roberta Staves
Notary Public

ROBERTA STAVES
NOTARY PUBLIC
STATE OF COLORADO

My Commission Expires 11/04/2010

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>2006-CV-01503-REB-PAC</u>

TERRY L. PERKINS, TERESA A.PERKINS, TODD PERKINS

Plaintiffs,

VS

JERRY JOHNSON, LEONID SHIFRIN, MATT GREEN

Defendants.

VS

Jennifer M. Fry, Mile High Mortgage Process LTD

---

**Affidavit Leo Shifrin**

---

1. I, Leo Shifrin am the Cross-Claimant in this case.

2. I drove with Qilly Yankovich to Jennifer Fry's Home in Golden Colorado.

3. I observed Jennifer Fry on her property outside of her home in Golden Colorado on

1

September 16th, 2007

4. I pointed Jennifer Fry out to Ms. Yankovich from about 50 yards away.

5. I observed Ms. Yankovich approach Fry's house.

6. I observed Ms. Yankovich (on speaker phone) call Fry's home number which is personally known to me.

7. I heard Jennifer Fry's adult son John Fry answer the home phone.

8. John Fry is personally known to me.

Leo Shifrin

Sworn to before me and subscribed in my presence this 31st day of October, 2007.

Roberta Staves
Notary Public

ROBERTA STAVES
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 11/04/2010