IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01503-REB-KLM

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

     Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending, and
MATTHEW GREEN, individually and d/b/a Jupiter Lending,

     Defendants,

LEONID SHIFRIN, individually and d/b/a Jupiter Lending,

     Defendant and Third-Party Plaintiff,

JENNIFER M. FRY,

     Third-Party Defendant.

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on *pro se* Defendant and Third-Party Plaintiff Leonid Shifrin's ("Shifrin") (1) Unopposed [sic] Motion to Hold Additional Settlement Conference [Docket No. 108, Filed November 26, 2007] ("Motion No. 108"), and (2) Motion to Strike Default Against Fry and Accept Answer [Docket No. 109, Filed November 26, 2007] ("Motion No. 109").

     IT IS HEREBY **ORDERED** that Motion No. 108 is **DENIED**. As a preliminary matter, although Shifrin titles his motion as "unopposed," he notes in the text of the motion that Plaintiffs oppose the relief sought therein. Therefore, Motion No. 108 is not "unopposed" and should not have been titled as such. *See* D.C.Colo.L.Civ.R. 7.1B. Further, Shifrin has not alleged good cause for the Court to schedule a second settlement conference in this matter, despite his contention that putative Third-Party Defendant Jennifer Fry should be compelled to participate in such a conference. Shifrin's recent attempt to assert third-party

claims against Ms. Fry is the subject of a hearing scheduled for December 6, 2007. Until the Court rules on the propriety of service of the Third-Party Complaint on Ms. Fry and the timeliness of her response thereto, another settlement conference is premature.

IT IS FURTHER **ORDERED** that Motion No. 109 is **GRANTED in part, and DENIED in part.** As a preliminary matter, the Court notes that Shifrin makes no attempt whatsoever in Motion No. 109 to comply with the Court's Local Rule requiring him to confer with opposing parties prior to filing the motion. As Shifrin has been amply warned, that alone is grounds for its denial. **In the future, each and every motion filed by Shifrin which fails to comply with D.C. Colo. L. Civ. R. 7.1A will be summarily denied.**

To the extent that Shifrin seeks to set aside the Clerk's entry of default against Third-Party Defendant Fry, the motion is **denied as moot** pursuant to the Court's Order of November 14, 2007 [Docket No. 106], which struck the entry of default.

To the extent that Shifrin seeks to withdraw his Motion to Strike Fry's Answer [Docket No. 104; filed October 31, 2007], the motion is **granted**.[1]

To the extent that Shifrin requests that the Court vacate the evidentiary hearing set for December 6, 2007, the motion is **denied**. The purpose of the evidentiary hearing, as set forth in the Court's Order of November 14, 2007, is to address *both* Shifrin's now withdrawn Motion to Strike Fry's Answer *and* Fry's Motion to Dismiss and Answer [Docket No. 101, filed October 29, 2007]. The evidentiary hearing will proceed on the issue of the propriety of service of the Third-Party Complaint upon Fry. The Court <u>may</u> address, *sua sponte*, the timeliness of Ms. Fry's response to the Third-Party Complaint. The parties are reminded that they must exchange witness lists and copies of exhibits to be used at the hearing no later than December 3, 2007, in accordance with the Court's November 14, 2007 Order.

Dated: November 29, 2007

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[1] The Court reminds Shifrin and Ms. Fry, both of whom appear *pro se*, that the Court has inherent authority to address the timeliness of Fry's response to the Third-Party Complaint in the absence of a motion addressing the issue.