IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01503-REB-KLM

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending, and
MATTHEW GREEN, individually and d/b/a Jupiter Lending,

    Defendants,

LEONID SHIFRIN, individually and d/b/a Jupiter Lending,

    Defendant and Third-Party Plaintiff,

JENNIFER M. FRY, d/b/a Mile High Mortgage Planning, d/b/a Mile High Mortgage Process,

    Third-Party Defendant.

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' Motion for Relief from Scheduling Order [Docket No. 115; Filed December 6, 2007] (the "Motion"). Plaintiffs seek to amend the Scheduling Order and to reopen discovery in this case. Plaintiffs seek to depose and request documents from Defendant Matthew Green, Jennifer Fry, Lois Gondek, Bank of the West, Metro Denver Title, Countrywide Bank, and Countrywide Home Loans.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. As a preliminary matter, pursuant to the Scheduling Order, the discovery cut-off was June 1, 2007 [Docket No. 36], and was later modified for the limited purposed of allowing Plaintiffs to depose Defendant Leonid Shifrin and Jennifer Fry (who is now a third-party Defendant) on or before August

20, 2007 [Docket No. 64].[1] Plaintiffs deposed Shifrin, but allege that they were unable to depose Fry or Green. Although Plaintiffs contemplated and, indeed, did serve additional discovery requests after the discovery cut-off and beyond the discovery authorized by the Court's Order of June 19, 2007, Plaintiffs now claim that additional discovery is warranted. This Motion was filed more than three months after expiration of the latest discovery deadline pertaining to Shifrin, Fry, and Green, and more than five months after expiration of the discovery cut-off in general.

Plaintiffs have failed to allege good cause for amending the Scheduling Order at this late stage of the proceedings. Plaintiffs have provided no information as to why discovery could not have been accomplished as to Lois Gondek, Bank of the West, Metro Denver Title, Countrywide Bank, and Countrywide Home Loans within the Court-prescribed discovery deadline.[2] In addition, the Court notes that while Plaintiffs contemplated issuing discovery subpoenas to Bank of the West and Metro Denver Title, which were the subject of a Motion for Protective Order filed by Shifrin on August 20, 2007, Plaintiffs informed the Court that none of the subpoenas had been served such that a protective order was unnecessary [Docket No. 90; Filed October 16, 2007]. Plaintiffs do not explain why, if subpoenas were contemplated several months ago, Plaintiffs did not attempt to issue them at that time rather than until trial is less than three months away.

As to Matthew Green, Plaintiffs had difficulty serving this Defendant prior to the discovery cut-off and were given leave to depose him after service was effected. While Plaintiffs were eventually able to serve Green on July 5, 2007, he did not appear for his deposition set for August 14, 2007. Plaintiffs have provided no justification for their delay in seeking an extension of the discovery cut-off due to Green's failure to comply with the

---

[1] The Order, entered by Magistrate Judge O. Edward Schlatter on June 19, 2007, also appears to contemplate allowing Plaintiffs' to depose Matthew Green after he had been served with the Summons and Complaint. Plaintiffs certified that they served Green on July 5, 2007 [Docket No. 70; Filed August 20, 2007]. Although Plaintiffs filed an affidavit and return of service for Green, and Green did not Answer the Complaint or appear for his deposition, the Clerk declined to enter a default against Green because the affidavit did not indicate Green's military status, as required by the Servicemember's Civil Relief Act of 2003, Pub. L. No. 108-189, 117 Stat. 2835.

[2] The Court notes that Plaintiffs indicate in the Motion that they served discovery requests on Bank of the West on July 30, 2007. This discovery was served after the discovery cut-off and without leave to do so from the Court. To the extent that the August 3, 2007 production of documents provided by Bank of the West (which was received pursuant to an unauthorized request) prompts Plaintiffs to seek additional discovery, Plaintiffs have provided no justification for why (1) they issued the discovery request without the Court's permission and (2) they waited more than four months to seek additional discovery relating to the unauthorized production.

2

subpoena nor did Plaintiffs timely move for an Order requiring Green to appear for his deposition.

As to Jennifer Fry, although Plaintiffs allege she evaded service of their discovery requests[3] which prevented them from deposing her, Plaintiffs have informed the Court that they have been able to interview Fry, and that she has cooperated with them throughout the course of this case without the need for compulsory process.[4]

In short, Plaintiffs have failed to demonstrate good cause for this Court to amend the Scheduling Order. There is no justification for Plaintiffs' delay in seeking an extension of the discovery cut-off. Many of the discovery issues recounted in the Motion should have and could have been resolved in a timely manner. In addition, the discovery requests Plaintiffs issued after the discovery cut-off, which they were not authorized to seek, are in contravention to the Scheduling Order [Docket No. 36] and the Court's Order of June 19, 2007 [Docket No. 64]. Such conduct further justifies this Court's decision not to extend the discovery cut-off further.

Dated: December 13, 2007

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[3] The Court notes that while Plaintiffs were given leave to depose Fry via the Court's Order of June 19, 2007, they were not given leave to seek document production. To the extent that Plaintiffs also issued a subpoena duces tecum in conjunction with their deposition subpoena issued to Fry, this was beyond the authority provided by the Court on June 19, 2007.

[4] Plaintiffs' attorney testified at an evidentiary hearing involving an unrelated issue in this case on December 6, 2007. Plaintiffs' attorney informed the Court that Fry has cooperated with his clients by providing information voluntarily and that Plaintiffs agreed to dismiss their claims against her without prejudice in exchange for such cooperation.

3