IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01503-REB-KLM

TERRY L. PERKINS,
TERESA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending, and
MATTHEW GREEN, individually and d/b/a Jupiter Lending,

    Defendants,

LEONID SHIFRIN, individually and d/b/a Jupiter Lending,

    Defendant and Third-Party Plaintiff,

JENNIFER M. FRY, d/b/a Mile High Mortgage Planning, d/b/a Mile High Mortgage Process,

    Third-Party Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on *pro se* Defendant Leonid Shifrin's Motion to Dismiss or for Summary Judgment Amended [Docket No. 57; Filed May 22, 2007] ("Motion to Dismiss") and Defendant Shifrin's Motion for Summary Judgment [Docket No. 110; Filed November 26, 2007] ("Motion for Summary Judgment"). Plaintiffs filed a response to the Motion to Dismiss on September 10, 2007 [Docket No. 80] and a response to the Motion

for Summary Judgment on December 19, 2007 [Docket No. 120].[1]  Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, these matters have been referred to this Court for recommendation.  The Court has reviewed and considered the pleadings, and the motions are ripe for determination.  For the reasons set forth below, the Court recommends that the Motion to Dismiss and Motion for Summary Judgment be **granted in part and denied in part**.

I.  Factual and Procedural Background

Plaintiffs allege that they received two loans to refinance their homes which are the subject of their injury:  (1) Plaintiffs Terry L. Perkins and Teresa A. Perkins received a loan on their Breckenridge home ("Breckenridge Loan"); and (2) Plaintiff Todd Perkins received a loan on his Boulder home ("Boulder Loan").  First Amended Complaint at 2, ¶ 6 [Docket No. 49].  Plaintiffs procured these loans from Countrywide Home Loans through the offices of Jupiter Lending.  *Id.* at 2, ¶¶ 6-7, 9-10.  Plaintiffs assert that they contacted Jupiter Lending in response to an advertisement in the newspaper which promoted financing terms of "1.95% 5 year fixed $39 broker points."  *Id.* at 2, ¶ 7.  Plaintiff Teresa Perkins alleges that she specifically told Defendant Jerry Johnson of Jupiter Lending that Plaintiffs did not want the loans to negatively amortize.  *Id.*; Response to Motion to Dismiss at Exhibit F (Affidavit of Teresa Perkins) [Docket No. 80-7].  Ms. Perkins avers that she

---

[1] The Motion for Summary Judgment was filed by Defendant Shifrin after he brought claims against Jennifer Fry as a Third-Party Defendant.  It raises substantially the same arguments as those found in his Motion to Dismiss and will be discussed in tandem with that motion.  Plaintiffs filed a response to the Motion for Summary Judgment wherein they incorporated their earlier response to the Motion to Dismiss in its entirety [Docket Nos. 80 & 120].

was assured that the loans would not negatively amortize, and that they would have a guaranteed interest rate of 1.95% for the first year. *Id.*

However, Plaintiffs contend that the loan documents which they were presented and eventually signed contained materially different terms from those Jupiter Lending had promised. *Id.* at 2-3, ¶¶ 8-9; Response to Motion to Dismiss at Exhibit F [Docket No. 80-7]. Plaintiffs claim that they unwittingly agreed to an interest rate of 1% for one month, then 5.625% thereafter. *Id.* While the agreed-upon terms did not increase their monthly payments for the first year, according to Plaintiffs their principal loan balance increased over that year more than they had been promised. First Amended Complaint at 3, ¶ 8. Plaintiffs further claim that the increase had the effect of making the loan one that negatively amortized, contrary to their stated wishes.[2] *Id.* In addition, Plaintiffs aver that after the loans were secured, a yield spread premium ("YSP") was paid to Mile High Mortgage Process LLC ("Mile High") in the amount of $10,562.50 for the Breckenridge Loan and $3,672.00 for the Boulder Loan. *Id.* at 3, ¶ 10; Response to Motion to Dismiss at Exhibit F [Docket No. 80-7]. Plaintiffs claim these YSPs were illegal pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 & 2607, had the effect of increasing their interest rates above the reasonable market level, and were fraudulently secured without their knowledge. First Amended Complaint at 3-6, ¶¶ 11, 18-29.

Plaintiffs filed a Complaint in state court in July 2006 against Mile High,

---

[2] Negative amortization occurs whenever the loan payment for any period is less than the interest charged over that period, so that the outstanding balance of the loan increases.

3

Countrywide Home Loans, Inc., Countrywide Bank, and loan officer Jerry Johnson [Docket No. 1-3]. The case was removed to federal court on August 2, 2006 [Docket No. 1]. Plaintiffs voluntarily moved to dismiss the action as to Countrywide Home Loans, Inc., Countrywide Bank, and Mile High [Docket Nos. 19 & 24], and the claims against these Defendants were dismissed by Orders dated November 8, 2008 and December 15, 2006, respectively [Docket No. 21 & 28]. Thereafter, Defendant Johnson moved to dismiss the RESPA claims brought against him [Docket No. 29]. The motion was granted as to Plaintiffs' RESPA claim regarding the Boulder Loan because it was barred by the one-year statute of limitations. The motion was denied as to Plaintiffs' RESPA claim regarding the Breckenridge Loan [Docket No. 37].

On March 21, 2007, Plaintiffs filed a motion to amend their Complaint to add Leonid Shifrin ("Shifrin") and Matthew Green[3] as Defendants [Docket No. 40]. The motion was granted on April 16, 2007 [Docket No. 48]. In their First Amended Complaint [Docket No. 49], Plaintiffs contend that as a result of Defendants' concerted effort and conspiratorial

---

[3] On January 11, 2008, the Court ordered Plaintiffs to show cause by January 31, 2008 why their case should not be dismissed as to Defendant Green due to failure to prosecute [Docket No. 129]. This was the second order to show cause relating to Green [Docket No. 65]. Plaintiffs moved for default judgment as to Green on January 24, 2008 [Docket No. 130] and moved for entry of default as to Green on January 25, 2008 [Docket No. 132]. Both motions were denied for procedural deficiencies [Docket Nos. 131 & 133], and default has not been entered against Green. In addition, Plaintiffs failed to show cause by January 31, 2008 why their claims against Green should not be dismissed for failure to prosecute. Although Green failed to answer the Amended Complaint, respond to subpoenas, or participate in discovery, Plaintiffs have failed to successfully prosecute their case against him. Given that a jury trial is scheduled to commence on March 3, 2008, the Court recommends that Plaintiffs' case against Green be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and D.C. Colo. L. Civ. R. 41.1.

4

conduct, "Plaintiffs have suffered, and continue to suffer, losses which were caused by the acts of the Defendants in the pursuit of an unlawful goal. These losses are the result of a property purchased entirely with borrowed money at an inflated price." First Amended Complaint at 3-4, ¶¶ 12-16 [Docket No. 49]. Plaintiffs contend they are entitled to damages based on "interest rates on the two loans which are at a premium to par plus the points and

fees on loans which must be refinanced." *Id.* at 4, ¶ 17. Specifically, Plaintiffs assert three remaining claims for relief: (1) Defendants' solicitation and receipt of a YSP for the Breckenridge Loan violated RESPA, *id.* at 4-6, ¶¶ 18-29; (2) Defendants knowingly made false representations and failed to disclose material information in violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 38-40-105, *id.* at 6-7, ¶¶ 30-39; and (3) Defendants' misrepresentations and concealment of facts constitutes common law fraud, *id.* at 7-8, ¶¶ 40-47. Plaintiffs seek statutory treble damages, their costs, and attorney fees. *Id.* at 8.

## II. The Motions

Defendant Shifrin filed a Motion to Dismiss or for Summary Judgment on May 16, 2007 [Docket No. 54] and the Motion to Dismiss at issue here on May 22, 2007 [Docket No. 57]. Docket No. 54 was denied as moot [Docket No. 66]. He later filed a Motion for Summary Judgment (also at issue here) after Third-Party Defendant Fry was made a party to the case [Docket No. 110]. In both his Motion to Dismiss and Motion for Summary Judgment, Defendant Shifrin alleges that Claim I should be dismissed because (1) it is barred by the one-year statute of limitations imposed by RESPA; (2) YSPs are not *per se*

illegal; and (3) Plaintiffs failed to prove he received compensation from the loan. Motion to Dismiss at 3 [Docket No. 57]; Motion for Summary Judgment at 2 [Docket No. 110]. Plaintiffs argue that their claim is not time barred, they sufficiently pled a RESPA violation, and a material dispute exists as to whether Defendants adequately disclosed the YSP and as to Defendant Shifrin's involvement in the alleged scheme. Response to Motion to Dismiss at 9-14 [Docket No. 80].

As to Claim II, Defendant Shifrin contends that the CCPA is preempted by federal statutes, here RESPA and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Motion to Dismiss at 3-4 [Docket No. 57]; Motion for Summary Judgment at 2 [Docket No. 110]. He claims that when federal statutes like TILA or RESPA are at issue, the CCPA does not apply. *Id.* Plaintiffs argue that the CCPA deals with other types of fraud and is not preempted by federal statute. Response to Motion to Dismiss at 14-16 [Docket No. 80].

As to Claim III, Defendant Shifrin contends the facts do not support a common law fraud claim against him because he never met Plaintiffs or worked on their loans. Motion to Dismiss at 4-5 [Docket No. 57]; Motion for Summary Judgment at 2-3 [Docket No. 110]. Rather, according to Shifrin, the loans were processed and handled by Defendant Johnson, Defendant Green, and Third-Party Defendant Fry. *Id.*; *see also* Affidavit of Matthew Green at 1-2 [Docket No. 110-2]. Moreover, he denies that any material facts were withheld or misrepresented. Motion to Dismiss at 4-5 [Docket No. 57]. Plaintiffs argue that they sufficiently pled a cause of action for common law fraud and a material dispute exists as to Defendant Shifrin's involvement and the material misrepresentations

6

made by Defendants.  Response to Motion to Dismiss at 16-17 [Docket No. 80].

## III.  Analysis

### A.   Standards of Review

Defendant Shifrin is proceeding *pro se.*  As such, the Court should construe his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not "the proper function of the [Court] to assume the role of advocate for the pro se litigant."  *Hall*, 935 F.3d at 1110.

As noted earlier, Defendant Shifrin's response to the First Amended Complaint was filed as a "Motion to Dismiss or for Summary Judgment" [Docket No. 57].  For the most part, Defendant Shifrin argues that the First Amended Complaint fails to state a claim against him.  Defendant Shifrin also later filed a Motion for Summary Judgment [Docket No. 110].  The Court construes the majority of the Motion to Dismiss under the standards set forth for reviewing a motion to dismiss pursuant to Fed. R. Civ. P. R. 12(b), except for Defendant Shifrin's argument related to the statute of limitations regarding Claim I, which the Court reviews under the standards for summary judgment.[4]  As to Defendant's Shifrin's Motion for Summary Judgment, in which he raises the same or similar arguments as those

---

[4] To the extent Defendant Shifrin raises a statute of limitations defense to Claim I in his Motion to Dismiss, and Plaintiffs attach affidavits and documents not a part of or referred to by the First Amended Complaint, the Court will consider the allegation involving the statute of limitations pursuant to the standards regarding entry of summary judgment.  *See Alexander v. Oklahoma*, 382 F.3d 1206,1213-15 (10th Cir. 2004); *see also Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). The Court also notes that many of the documents attached to Plaintiffs' Response relate to substantive arguments regarding the merits of Claims II and III, and likely convert the entire Motion to Dismiss into one for summary judgment.  However, in the interest of thoroughness, the Court will analyze Claims II and III under both the motion to dismiss and the summary for judgment standards.

7

made in his earlier motion but attaches extraneous information and discusses material derived through discovery, the Court reviews that motion under the standard regarding entry of summary judgment.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the well-pled factual allegations and draws all reasonable inferences in favor of Plaintiffs. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The Court considers whether the Complaint contains allegations that support a plausible legal claim for relief. *Alvarado*, 493 F.3d at 1215 n.2; *see also Bell Atl. Corp. v.Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007) (holding that a Complaint must contain "only enough facts to state a claim to relief that is plausible on its face").

Summary judgment is proper when the record before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of evidence to support the nonmovant's case. If this burden is satisfied, the burden shifts to the nonmovant to show the existence of a genuine dispute of a material issue. The nonmoving party must go beyond the facts in its pleading and provide "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A fact is genuine if it could lead the trier of fact to find in favor of the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). The factual record and inferences therefrom are viewed in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998).

B.     Recommendation

1. Claim I, RESPA

Claim I of Plaintiffs' Complaint is brought pursuant to the RESPA anti-kickback provision, 12 U.S.C. § 2607, which prohibits the payment and acceptance of a kickback or referral for unearned services on real estate loans. Plaintiffs contend that the Breckenridge Loan YSP, which was paid to Mile High, violated this provision. First Amended Complaint at 5-6, ¶¶ 27-28. Pursuant to 12 U.S.C. § 2614, all claims arising under § 2607 of RESPA must be filed within one year "from the date of the occurrence of the violation." Courts have predominantly found the "date of the occurrence" to refer to the date of the closing of the loan. *See, e.g.*, *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359-61 (5th Cir. 2003); *Salois v. Dime Savings Bank*, 128 F.3d 20, 25 (1st Cir. 1997) *Sanborn v. Am. Lending Network*, 506 F. Supp. 2d 917, 923 (D. Utah 2007); *Bloom v. Martin*, 865 F. Supp. 1377, 1386-87 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (9th Cir. 1996).

The Breckenridge loan closed on July 23, 2005. Plaintiffs first filed their Complaint in state court on July 14, 2006, but did not file their claims against Defendant Shifrin until March 2007. As such, Defendant Shifrin argues that the RESPA claim should be dismissed because it was filed against him well after the one-year statute of limitations expired.

Plaintiffs do not dispute that the one-year statute of limitations expired on their RESPA claim before they sued Defendant Shifrin. Response to Motion to Dismiss at 10-14 [Docket 80]. Rather, they ask the Court to invoke the doctrine of equitable tolling. *Id.* Reading their response liberally, Plaintiffs appear to suggest that their claim against Defendant Shifrin was unknown to them until they engaged in discovery regarding their

9

original Complaint. *Id.* at 7-8, 14. In support of their assertion, Plaintiffs attach a letter from Third-Party Defendant Jennifer Fry's counsel dated February 8, 2007, wherein he informs Plaintiffs of Defendant Shifrin's alleged role in the conduct at issue. *Id.* at Exhibit O [Docket No. 80-16].

Although there is legal precedent to support Plaintiffs' assertion that the RESPA statute of limitations can be equitably tolled,[5] the Tenth Circuit has noted that application of the doctrine is limited to "rare and exceptional circumstances." *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003). Specifically, equitable tolling is only available where a plaintiff "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.*; *see also Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990) (holding that equitable tolling of a statute of limitations may be triggered: (1) where a plaintiff has "actively pursued his judicial remedies by a filing a defective pleading during the statutory period"; or (2) where a plaintiff was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

Plaintiffs do not allege that fraudulent concealment prevented them from

---

[5] The Tenth Circuit does not appear to have decided the issue, but it has held that the TILA statute, which is similarly worded, is subject to equitable tolling. *In re Lewis*, No. KS-05-022, 2006 WL 1308352, at *9 (10th Cir. May 4, 2006) (unpublished decision). While many courts have held that the RESPA statute of limitations may be equitably tolled, at least one court has disagreed. *Compare Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166-67 (7th Cir. 1997); *Mullinax v. Radian Guaranty Inc.*, 199 F. Supp. 2d 311, 325 (M.D.N.C. 2002) (RESPA statute of limitations may be equitably tolled), *with Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039-41 (D.C. Cir. 1986) (RESPA statute of limitations is jurisdictional and may not be equitably tolled). The prevailing opinion across the Circuits appears to be that similar to TILA, the RESPA statute of limitations can be equitably tolled.

ascertaining Shifrin's involvement in the alleged wrongful conduct. For instance, Plaintiffs present no evidence that Defendants affirmatively took steps to conceal Defendant Shifrin's identify. Rather, Plaintiffs appear to allege that they were unable to ascertain Defendant Shifrin's true role despite diligent pursuit of their case. *See Alexander*, 382 F.3d at 1216 (noting that a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief). However, Plaintiffs have not alleged sufficient facts to justify equitable tolling here. For instance, while they allege the complicated nature of the loan settlement documents prevented them from immediately discovery their *injury*, they do not allege that they were prevented from investigating and discovering Defendant Shifrin's role in the alleged misconduct prior to the expiration of the statute of limitations. Assuming the RESPA statute of limitations can be equitably tolled, Plaintiffs have not sufficiently alleged the rare and exceptional circumstances which would justify tolling here.

Although not raised by Plaintiffs, the Court considers whether the federal discovery rule may nevertheless save Plaintiffs' RESPA claim from dismissal. Generally, a cause of action does not accrue and trigger the statute of limitations until the party discovers the injury. *See United States v. Kubrick*, 444 U.S. 111, 117-21 (1979); *Alexander*, 382 F.3d at 1216 (noting that the statute of limitations is triggered when the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm). In addition, "the plaintiff's knowledge of the grounds for suit must generally extend to an awareness of the persons responsible for [his] injury." *See* C.J.S. *Limitations of Actions* § 119 (2007).

Plaintiffs essentially argue that they did not discover Defendant Shifrin's

11

involvement until they conducted discovery regarding their original Complaint. *See* Response to Motion to Dismiss at 7-8, 14 [Docket 80]. The Tenth Circuit does not appear to have addressed the discovery rule in this context, nor does it appear to be a contention heavily litigated in other Circuits. The Court is persuaded by the sound holdings of the courts which have addressed this issue that the federal discovery rule is inapplicable to the RESPA statute of limitations because Congress explicitly denoted that the statute begins to run "from the date of the occurrence," rather than "when the action accrues," as it has denoted in other statutory provisions. *Compare* RESPA, 12 U.S.C. § 2614, *with* Federal Tort Claims Act, 28 U.S.C. § 2401(b); *see also Snow*, 332 F.3d at 361; *Mullinax*, 199 F. Supp. 2d at 325.[6] If discovery of the injury triggered the statute of limitations at issue here, multiple pleading deadlines could exist as to a single transaction. "RESPA nowhere suggests that Congress intended such [a result]. 'If Congress had intended the statute of limitations to float in this way, it could have so provided in explicit language.'" *Snow*, 332 F.3d at 361 (quoting *Mullinax*, 199 F. Supp. 2d at 325). Stated another way, the "limitations period for RESPA claims begins to run 'from the date of the occurrence of the violation' rather than from when the action accrues, and must be measured with reference to this discrete event." *In re Parker*, BR No. 05-01021, 2007 WL 1521068, at *2 n.4 (Bankr. D. Colo. May 21, 2007) (unpublished decision) (citing *Mullinax*, 199 F. Supp.

---

[6] *But see Estate of Henderson ex rel. Johnson v. Meritage Mortgage Corp.*, 293 F. Supp. 2d 830, 835-36 (N.D. Ill. 2003) (noting that given the now-deceased borrower's lack of ability to comprehend her injury due to advanced Alzheimer's disease, the date of accrual of her RESPA and TILA claims would be the date of her estate's discovery of those alleged injuries and applying federal discovery rule as an equitable tolling mechanism).

12

2d at 324).[7]

Because the Court finds that Plaintiffs' RESPA claim as to Defendant Shifrin is time-barred, it is unnecessary to address Shifrin's remaining substantive arguments regarding the merits of Claim I. Accordingly, I recommend that Claim I be dismissed as it pertains to Defendant Shifrin.

    2.    Claim II, CCPA

To support a claim under the CCPA, Plaintiffs must allege that Defendants, in the course of their business, engaged in deceptive trade practices which significantly impacted consumers, and that Plaintiffs suffered an injury which was caused by Defendants' practices. *See* Colo. Rev. Stat. §§ 6-1-105 & 6-1-113; *Hall v. Walter*, 969 P.2d 224, 234-35 (Colo. 1998); *see also* Colo. Rev. Stat. § 38-40-105 (noting that a violation pursuant to this section is a violation pursuant to the CCPA). As to Claim II, Defendant Shifrin contends that the CCPA is a "general application law" and, as such, is preempted by more specific federal statutes, here RESPA and TILA.[8] Motion to Dismiss

---

[7] The Court also considered whether the relation back doctrine, regarding amendment of a complaint to add a party pursuant to Fed. R. Civ. P. 15(c), would abrogate the statute of limitations defense. Rule 15(c) provides that an amendment which adds a party relates back to the original date of the pleading when the claim against the new party arises out of the same transaction of the original pleading, the new party had notice of the action and knew or should have known the action should be brought against him. Fed. R. Civ. P. 15(c); *Watson v. Unipress*, 733 F.2d 1386, 1389 (10th Cir. 1984); 6A Charles Alan Wright et al., *Federal Practice and Procedure* §§ 1498, 1499, at 139-52 (2d ed. 1990). Because Plaintiffs have provided no evidence of Defendant Shifrin's actual or constructive notice of the action within the statute of limitations period, the Court is unable to find that the requirements of Rule 15(c) are satisfied here.

[8] The Court notes that although Defendant Shifrin discusses both RESPA and TILA, the First Amended Complaint does not allege a TILA violation.

at 3-4 [Docket No. 57]; Motion for Summary Judgment at 2 [Docket No. 110]. In support of his argument, Defendant Shifrin cites a provision of the CCPA which expressly states that it "does not apply to . . . conduct in compliance with the orders or rules of, or a statute administered by, a federal, state, or local governmental agency." Colo. Rev. Stat. § 6-1-106. Defendant Shifrin argues that this provision precludes application of the CCPA when federal statutes are at issue. Motion to Dismiss at 3-4 [Docket No. 57]; Motion for Summary Judgment at 2 [Docket No. 110].

As a preliminary matter, the CCPA has a "strong and sweeping remedial purpose." *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 53 (Colo. 2001). A general statute is only preempted where it attempts to regulate the same conduct as a specific statute. *See id.* Here, given the breadth of the CCPA and its regulation of far wider deceptive trade practices than those covered by RESPA (which is limited to real estate settlement practices), the Court is persuaded that the CCPA has not been preempted by RESPA. *See generally First Fed. Sav. & Loan Ass'n v. Greenwald*, 591 F.2d 417, 420 & n.5 (1st Cir. 1979) (noting that a state law that is not inconsistent with RESPA is not preempted by it); *In re Dominique*, 368 B.R. 913, 915 n.3 (Bankr. S.D. Fla 2007) (noting that "RESPA does not generally preempt state law"). Indeed, Plaintiffs sued Defendants under RESPA for the sole purpose of challenging the YSPs as an illegal kickback. Plaintiffs' CCPA allegations extend beyond the conduct related to the YSPs and seek to remedy false and deceptive representations or omissions of material fact made by Defendants in several additional areas, e.g., Defendants' alleged false advertising of rates, Defendants' alleged other false assurances, and the terms of Plaintiffs' loan contracts

which they allege differ from terms they had been promised. Response to Motion to Dismiss at Exhibits E-N [Docket Nos. 80-6 through -15]; *see* Colo. Rev. Stat. § 38-40-105.

Moreover, the issue of preemption is specifically contemplated and narrowly construed by RESPA itself. *See* 12 U.S.C. § 2616 ("This chapter does not annul, alter, or affect, or exempt any person subject to the provisions of this chapter from complying with, the law of any State with respect to settlement practices, except to the extent that those laws are inconsistent with any provision of this chapter, and then only to the extent of the inconsistency"). It is clear that Congress intended to give effect to RESPA over state law only in the limited situation where the two are inconsistent. Because Defendant Shifrin does not allege any inconsistency between RESPA and the CCPA, the Court is not inclined to consider whether the two statutes are inconsistent for preemption purposes.

Defendant Shifrin also contends that the alleged conduct complied with all federal laws and, as such, Plaintiffs cannot prove a CCPA violation. Motion to Dismiss at 3-5 [Docket No. 57]; Motion for Summary Judgment at 2-3 [Docket No. 110]. The Court construes this argument as asserting that there is no genuine issue of material fact and that Shifrin is entitled to judgment as a matter of law, pursuant to Fed. R. Civ. P. 56(c). Whether Defendants complied with RESPA and the CCPA is the ultimate legal and factual issue in this case and thus uniquely inappropriate for resolution without trial, unless the stringent summary judgment standard is met. At this stage of the litigation, the Court cannot and will not take Defendant Shifrin's word that the conduct at issue was legal in all respects, especially considering that Plaintiffs have submitted sufficient evidence to the contrary. Response to Motion to Dismiss at Exhibit Nos. E-N [Docket Nos. 80-6 through

15

-15]. By doing so, Plaintiffs have asserted sufficient evidence of Defendant Shifrin's involvement in the alleged illegal conduct to a create a disputed issue of material fact. For example, Plaintiffs assert that Jupiter Lending and Mile High shared office space and Jupiter Lending originated loans for Mile High, and that Defendant Shifrin "hijacked" Mile High for his gain. *Id.* at Exhibits A-C & O [Docket Nos. 80-2 through -4 & 80-16].

Plaintiffs have sufficiently stated a claim for relief under the CCPA and Colo. Rev. Stat. § 38-40-105 such that outright dismissal is inapplicable. Moreover, considering the disputed facts at issue, this claim is not appropriate for summary judgment. Fed. R. Civ. P. 12(b)(6) & 56.

### 3. Claim III, Common Law Fraud

As to Claim III, Defendant Shifrin contends that Plaintiffs have failed to state a claim and that the facts do not support a common law fraud claim against him because he never met the Plaintiffs or worked on their loans. Motion to Dismiss at 4-5 [Docket No. 57]; Motion for Summary Judgment at 2-3 [Docket No. 110]. Rather, Defendant Shifrin asserts that the loans were processed and handled by Jupiter Lending, Defendant Green and Third-Party Defendant Fry. Motion for Summary Judgment at 2-3 [Docket No. 110]; Affidavit of Matthew Green [Docket No. 110-2]. Moreover, he denies that any material facts were withheld from Plaintiffs or misrepresented by Defendants. Motion to Dismiss at 4-5 [Docket No. 57]; Motion for Summary Judgment at 2-3 [Docket No. 110].

To state a claim for common law fraud, Plaintiffs must allege (1) that Defendants made a material false representation, (2) that they knew was false at the time of the representation, (3) but Plaintiffs did not, (4) with the intent that Plaintiffs would rely on it,

16

and (5) Plaintiffs justifiably relied on it to their detriment. *See Venture Inv. Co. v. Schaefer*, 478 F.2d 156, 158 (10th Cir. 1973); *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005); *Nelson v. Gas Research Inst.*, 121 P.3d 340, 344 (Colo. Ct. App. 2005). Here, the First Amended Complaint contains allegations as to each of these elements, which, when taken as true, support a claim for common law fraud. First Amended Complaint at 7-8, ¶¶ 40-47 [Docket No. 49].

Shifrin also denies the veracity of Plaintiffs' allegations and attempts to argue that he was not involved, in part, by attaching an affidavit from Defendant Green and by implicating Third-Party Defendant Jennifer Fry. Motion for Summary Judgment at 2 [Docket No. 110]; Affidavit of Matthew Green [Docket No. 110-2]. Although the record is less than clear as to Defendant Shifrin's overall involvement in the alleged conduct, the Court determines that Plaintiffs have sufficiently created a factual dispute as to Defendant Shifrin's culpability.

More specifically, Plaintiffs allege that Defendants used false advertising and misrepresented their costs such that Plaintiffs were fraudulently induced into signing loan contracts with higher payments than they requested and had been promised. Response to Motion to Dismiss at Exhibits E-G [Docket Nos. 80-6 through -8]. Plaintiffs contend and provide evidence that Jupiter Lending and Defendant Johnson worked in tandem with loan processors, including Defendants Green and Shifrin, under the name Mile High, and that both businesses used the same phone numbers, offices, and similar advertising. *Id.* at 4 & Exhibits A-C, E & O [Docket Nos. 80, 80-2 through 80-4, 80-6 & 80-16]. They allege and provide supporting evidence that Defendant Shifrin worked for Mile High at the Jupiter

Lending location and that he had access to Mile High's bank accounts. They further assert that Defendant Shifrin controlled a bank account under that name. *Id.* at 8 & Exhibits C, O-R [Docket Nos. 80, 80-4, 80-16 through -18]. They also allege that as a result of closing of the two loans at issue, a YSP was paid to Mile High, and that Defendant Shifrin likely controlled the receipt and deposit of those payments. *Id.* at Exhibits F & O-Q [Docket Nos. 80-7 & 80-16 through -18]. Finally, Plaintiffs provide evidence that Defendant Shifrin "hijacked" the name Mile High for his own benefit and gain, such that any YSP payments made were provided to Shifrin, not Third-Party Defendant Jennifer Fry. *Id.* at Exhibits O-R [Docket Nos. 80-16 through -19].

Plaintiffs have sufficiently stated a claim for relief in their First Amended Complaint such that outright dismissal is inappropriate. Moreover, considering the disputed facts at issue, this claim is not appropriate for summary judgment. Fed. R. Civ. P. 12(b)(6) & 56.

IV. Conclusion

As to Claim I, because I find that the RESPA claim is barred by the expiration of the statute of limitations, I RECOMMEND that the Motion to Dismiss and the Motion for Summary Judgment be **granted** as to Defendant Shifrin only. As to Claims II and III, because I find that Plaintiffs have sufficiently stated claims for relief in their First Amended Complaint and that there remain genuine issues of material fact, I RECOMMEND that the Motion to Dismiss and the Motion for Summary Judgement be **denied** as to those claims. Accordingly, Defendant Shifrin shall file his Answer to the Second and Third Claims for Relief in the First Amended Complaint on or before **February 18, 2008.** I further RECOMMEND that Plaintiffs' claims against Defendant Green be dismissed with prejudice

18

for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 4, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix