IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01503-REB-PAC

TERRY L. PERKINS,
TERESEA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,
MATTHEW GREEN, individually and d/b/a Jupiter Lending, LLC

    Defendants,

LEONID SHIFRIN, individually and d/b/a Jupiter Lending, LLC,

    Defendant and Third-Party Plaintiff,

JENNIFER M. FRY, d/b/a Mile High Mortgage Planning, d/b/a Mile High Mortgage Process,

    Third-Party Defendant.

---

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#135], filed February 4, 2008; and (2) plaintiffs' **Objection to Dismissal of Matthew Green** [#144], filed February 13, 2008. I overrule the objection and adopt the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

recommendation to which objections have been filed, and have considered carefully the recommendation, objection, and applicable case law.  In addition, because defendant Shifrin was proceeding *pro se* at the time he filed the apposite motions,[1] I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  The recommendation is detailed and well-reasoned.  Plaintiffs' objections are without merit.

Plaintiffs' only objection is that defendant Matthew Green should not be dismissed from the lawsuit, as recommended by the magistrate judge, because he has now filed an answer in the case.  Since the magistrate judge's recommendation in this regard was based on plaintiffs' failure to respond to the court's **Order To Show Cause** ([#129], filed January 11, 2008), and more specifically, their failure to timely prosecute their claims against Green (***see* Recommendation** at 4 n.3.), Greeen's filing of an answer *vel non* is entirely beside the point.

Moreover, the magistrate judge recommends that the claims against Green be dismissed with prejudice.  Both the federal rules and the local rules of this district contemplate that a dismissal for failure to prosecute may be with or without prejudice.  ***See* FED.R.CIV.P.** 41(b); **D.C.COLO.LCivR** 41.1.  Nevertheless, my discretion to dismiss a claim under these rules must be guided by an explicit consideration of five factors:

> (1) the degree of actual prejudice to the opposing party, (2)

---

[1] More recently, Shifrin as obtained counsel.  (***See* Entry of Appearance** [#146], filed February 14, 2008.)

2

> the degree of interference with the judicial process, (3) the
> litigant's culpability, (4) whether the litigant was warned in
> advance that dismissal was a likely sanction, and (5) whether
> a lesser sanction would be effective.

*LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003).  **See also Reed v. Bennett**, 312 F.3d 1190, 1196 (10th Cir. 2002) ("Where the district court did not perform a sanction analysis, this Court has ... reverse[d] the district court's sanction as overly severe.").

Analyzing these factors, it is apparent that the magistrate judge's recommended disposition of plaintiffs' claims against Green is the correct one.  This case is postured to proceed to jury trial in little more than a week.  It should be abundantly clear that forcing Green to defend himself at this late date will be exceedingly prejudicial and create an extreme interference with the judicial process.  Plaintiffs offer no explanation as to why they should not bear full responsibility for their failure to pursue these claims, and none is apparent from the record.[2]  The magistrate judge specifically warned plaintiffs that she was contemplating a recommending that their claims against Green be dismissed with prejudice if they failed to respond to her order to show cause.  (**Order To Show Cause** at 2 [#129], filed January 11, 2008.)  Given this history, I find and conclude that no lesser sanction short of a dismissal with prejudice will be effective.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate

---

[2] As noted by the magistrate judge, plaintiffs made two attempts to file a motion for entry of default against Green, both of which were properly rejected by the Clerk of the Court for various infirmities.  For reasons known only to themselves, plaintiffs failed to correct these deficiencies prior to the time Green filed his belated answer.

judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#135], filed February 4, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That plaintiffs' **Objection to Dismissal of Matthew Green** [#144], filed February 13, 2008, is **OVERRULED**;

3. That defendant Leonid Shifrin's **Motion To Dismiss or for Summary Judgment Amended** [#57], filed May 22, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

4. That defendant Leonid Shifrin's **Motion for Summary Judgment** [#110], filed November 26, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

5. That the motions are **GRANTED** with respect to plaintiffs' Claim I as against Shifrin alleging violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 & 2607, and that claim is **DISMISSED WITH PREJUDICE**;

6. That in all other respects, the motions are **DENIED**;

7. That plaintiffs' claims against defendant Matthew Green are **DISMISSED WITH PREJUDICE** for failure to prosecute.

Dated February 25, 2008, at Denver, Colorado.

                                         **BY THE COURT:**

                                         **s/ Robert E. Blackburn**
                                         **Robert E. Blackburn**
                                         **United States District Judge**