IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01503-REB-KLM

TERRY L. PERKINS,
TERESEA A. PERKINS, and
TODD PERKINS,

    Plaintiffs,

v.

JERRY JOHNSON, d/b/a Jupiter Lending,
LEONID SHIFRIN, individually and d/b/a Jupiter Lending, LLC,

    Defendants,

## ORDER DENYING DEFENDANT SHIFRIN'S COMBINED MOTION AND BRIEF IN SUPPORT OF ATTORNEY FEES PURSUANT TO C.R.S. §6-1-113(3)

**Blackburn, J.**

The matter before me is **Defendant Shifrin's Combined Motion and Brief in Support of Attorney Fees Pursuant to C.R.S. §6-1-113(3)** [#167], filed March 19, 2008. I deny the motion.

Among plaintiffs' causes of action in this lawsuit was a claim under the Colorado Consumer Protection Act. I dismissed that claim at mid-trial pursuant to Fed.R.Civ.P. 50. Defendant Shifrin seeks to recover his attorney fees under the authority of §6-1-113(3), C.R.S., which provides:

> Any person who brings an action under this article that is found by the court to be groundless and in bad faith or for the purpose of harassment shall be liable to the defendant for the costs of the action together with reasonable attorneys' fees as determined by the court.

Thus, to recover under the statute, Shifrin must show both that the claim was groundless and that it was brought in bad faith or for the purpose of harassment. Although I agree that the former element in satisfied here, I do not believe the record supports a conclusion in Shifrin's favor as to the latter.

Under Colorado law a "claim or defense is groundless if the allegations of the complaint, although sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence. A claim is 'groundless' if the proponent has a valid legal theory, but can offer little or no evidence to support the claim." **Campfield v. State Farm Mutual Automobile Insurance Co.**, 2007 WL 2688857 at *1 (D. Colo. Sept. 12, 2007) (quoting **Wheeler v. T.L. Roofing, Inc**., 74 P.3d 499, 505 (Colo.App. 2003)) (citations omitted). That standard certainly is met here. Plaintiffs offered no evidence at trial sufficient to show that Shifrin ever engaged in a deceptive trade practice, and they offered neither evidence at trial, nor any argument in response to defendant's mid-trial motion, to demonstrate that the allegedly deceptive practice of which they complained affected the public as actual or potential consumers of defendant's services. **See Hall v. Walter**, 969 P.2d 224, 234-35 (Colo. 1998). The evidence presented was so paltry – or non-existent – that I have no hesitation in finding that plaintiff's CCPA claim was groundless.

Nevertheless, Shifrin has not shown that the claim was brought in bad faith or for the purpose of harassment. Shifrin attempts to make his case on this element by pointing to another lawsuit that plaintiffs' attorney filed against him in state district court in which the CCPA claims asserted were dismissed on summary judgment. Assuming

2

*arguendo* that the actions of a party's attorney are reachable under this section, the mere fact of this prior unsuccessful claim does not per se show bad faith this lawsuit. Moreover, the fact that plaintiffs' attorney routinely includes CCPA claims in cases he files in state court sheds no light on whether such claims are baseless, let alone brought in bad faith. It is equally likely that the nature of plaintiffs' attorney's caseload or area of specialization dictates a relatively higher percentage of CCPA claims in his filings.

**THEREFORE, IT IS ORDERED** that **Defendant Shifrin's Combined Motion and Brief in Support of Attorney Fees Pursuant to C.R.S. §6-1-113(3)** [#167], filed March 19, 2008, is **DENIED**.

Dated April 14, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**